UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY JOHNSON,

Plaintiff,

v.

CAROLYN W COLVIN, Acting
Commissioner of the Social Security
Administration,[1]

Defendant.

CASE NO. 11-cv-05511 JRC

ORDER GRANTING UNOPPOSED
MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge

and Consent Form, Dkt. 8; Consent to Proceed Before a United States Magistrate Judge, Dkt.

10). This matter is before the Court on plaintiff's Unopposed Motion for Attorney's Fees

Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 28).

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil
Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

1    The Court may allow a reasonable fee for an attorney who represented a Social Security

2    Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

3    excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

4    *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first

5    to such agreement and will conduct an independent review to assure the reasonableness of the

6    fee requested, taking into consideration the character of the representation and results achieved.

7    *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

8    fee agreement is the primary means for determining the fee, the Court will adjust the fee

9    downward if substandard representation was provided, if the attorney caused excessive delay, or

10   if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

11   (9th Cir. 2009) (citing *Grisbrecht, supra*, 535 U.S. at 808).

12   Here, the representation was standard, at least, and the results achieved excellent (*see*

13   Dkt. 28, Attachments 3, 4). *See Grisbrecht, supra*, 535 U.S. at 808. Defendant stipulated to

14   remand the matter subsequent to plaintiff's filing of his Opening Brief, and following a second

15   hearing and remand by the Appeals Counsel, the Administrative Law Judge awarded benefits to

16   plaintiff (*see* Dkt. 28, Attachment 4). There has not been excessive delay and no windfall will

17   result from the requested fee.

18   Plaintiff's total back payment was $72,212.00 (*see* Dkt. 28, Attachment 3). Plaintiff has

19   moved for a gross attorney's fee of $12,052.00, an amount less than 25% of the back payment

20   (*see* Motion, Dkt. 28, p. 1). This Court has previously awarded $4,631.36 to counsel for EAJA

21   fees (*see* Dkt. 27) and counsel agrees to refund this amount to plaintiff on receipt of the 42

22   U.S.C. § 406(b) fees awarded (*see* Dkt. 28, p. 1).  *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d

23   1215, 1221 (9th Cir. 2012).

24

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

1    Based on plaintiff's unopposed motion and supporting documents (*see* Dkt. 28,

2 Attachments 2, 3, 4, 5), it is hereby ORDERED that attorney's fees in the amount of $12,052.00

3 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b).  Following receipt of the

4 406(b) fee, plaintiff's attorney shall refund to plaintiff the previously awarded EAJA fees in the

5 amount of $4,631.36.

6    Dated this 14th day of November, 2016.

7

8    _____
     J. Richard Creatura
9    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3